# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50480
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO BROCHE RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CR-312-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Gilberto Broche Ruiz was convicted following a jury trial of conspiracy to possess and possessing with intent to distribute 500 grams or more of methamphetamine. He was sentenced to concurrent terms of 210 months of imprisonment. He appeals his conviction, arguing that he was a denied a fair trial because the Government elicited testimony that he had invoked his Fourth Amendment right to refuse a warrantless search of his cell phone.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50480

Because Ruiz failed to object to the complained-of testimony, review is for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* In order to show that an error affected his substantial rights, Ruiz must demonstrate that the error affected the outcome of the proceedings. *See id.* If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Ruiz's argument is unavailing. Any error is not clear or obvious as our court has only assumed, without deciding, that such testimony may be improper. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). In any event, Ruiz fails to show that any error affected the outcome of the proceedings. *See United States v. Runyan*, 290 F.3d 223, 249-50 (5th Cir. 2002). The record reflects that the prosecutor did not focus on or highlight Ruiz's refusal to consent to a warrantless search, and the evidence of Ruiz's guilt was substantial. *See id.* at 250-51. Thus, Ruiz fails to show that the error, if any, affects his substantial rights. *See Puckett*, 556 U.S. at 135.

AFFIRMED.